UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMED IBRAHIM ABDI,<br><br>            Petitioner,<br><br>     v.<br><br>JANET NAPOLITANO, et al.,<br><br>            Respondents. | No. C10-1722RSL<br><br>ORDER GRANTING RESPONDENTS'<br>MOTION TO DISMISS AND<br>DENYING PETITIONER'S MOTION<br>FOR SUMMARY JUDGMENT |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge (dkt. #23) regarding petitioner Mohamed Ibrahim Abdi's motion for summary judgment and respondents' motion to dismiss petitioner's writ of habeas corpus. Having reviewed the R&R, and the balance of the record, the Court adopts the R&R.[1]

Petitioner objects to the R&R because it "completely fails to consider, much less even mention, one of Mr. Abdi's primary arguments: that because he has been detained for an

---

[1] This matter may be decided on the papers submitted. Petitioner's request for oral argument is therefore DENIED.

ORDER GRANTING RESPONDENTS' MOTION TO
DISMISS AND DENYING PETITIONER'S MOTION
FOR SUMMARY JUDGMENT - 1

unreasonably prolonged period of time, at a minimum, he is entitled to a bond hearing before a neutral judge." Dkt. #24. Petitioner also objects to the R&R "because governing precedent, including Diouf II, makes clear that Mr. Abdi's continued detention is unlawful." Id. The Court disagrees.[2]

Judge Donohue specifically addressed whether petitioner was entitled to a bond hearing.[3] Dkt. #23 at 5. Petitioner argues that "notwithstanding the regulation governing the detention of 'arriving aliens,' Supreme Court and Ninth Circuit case law all lead to the conclusion that he *is* entitled to a bond hearing before an impartial arbiter." Dkt. #24 at 3 (emphasis in original). Petitioner argues that the Ninth Circuit has rejected the government's attempts to subject non-citizens to prolonged "mandatory detention" during the pendency of their removal proceedings. Dkt. #24 (citing Diouf v. Napolitano, 2011 U.S. App. LEXIS 4379 (9th Cir. 2011); Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942 (9th Cir. 2008); Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008); Nadarajah v. Gonzalez, 443 F.3d 1069 (9th Cir. 2006); Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005)).

Petitioner concedes that he is being held pursuant to the general detention statutes, 8 U.S.C. §§ 1225(b)(1)(B)(ii) and 1225(b)(2)(B). Section 1225(b)(1)(B)(ii) provides that if the asylum "officer determines at the time of the interview that an alien has a credible fear of persecution . . . the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). Section 1225(b)(2)(A) provides that "in the case of an

---

[2] Although the Court adopts the R&R in its entirety, the Court addresses petitioner's objections with respect to the bond to clarify the Court's reasoning. The Court finds that Judge Donohue's thorough analysis regarding whether petitioner is subject to indefinite detention pursuant to section 1225(b) need not be addressed.

[3] Petitioner also argues that the R&R incorrectly stated that petitioner "has acknowledged [that] . . . he is not eligible for a bond hearing before an immigration judge." Dkt. #24 at 3. The Court finds that the R&R does not rely on this statement for finding that petitioner is not entitled to a bond hearing. Rather, the R&R sets out the statutory and regulatory framework that prevent an immigration judge from reviewing custody decisions of arriving aliens.

ORDER GRANTING RESPONDENTS' MOTION TO
DISMISS AND DENYING PETITIONER'S MOTION
FOR SUMMARY JUDGMENT - 2

alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 240 [8 U.S.C. § 1229a]." Id. § 1225(b)(2)(A).

Petitioner also concedes that he is an arriving alien. "The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry . . . ." 8 C.F.R. § 1.1. Arriving aliens who appear "to the inspecting officer to be inadmissible, and who [are] placed in removal proceedings pursuant to section 240 of the Act shall be detained in accordance with section 235(b) of the Act. Parole of such alien[s] shall only be considered in accordance with §212.5(b) of this chapter." Id. § 235.3(c). Arriving aliens may be paroled into the United States by the Secretary of Homeland Security "under such conditions as he may prescribe only on a case-by-case basis for 'urgent humanitarian reasons' or significant public benefit,'" provided the alien presents "neither a security risk nor a risk of absconding." 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(b). The Code of Federal Regulations further provides that an "immigration judge may not redetermine conditions of custody imposed by the Service with respect to . . . [a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act." Id. § 1003.19(h).

Here, petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) pending his application for asylum, and he was denied parole. An immigration judge does not have jurisdiction to redetermine the status of an arriving alien, such as petitioner, or the custody decisions affecting arriving aliens subject to removal that have been imposed by the Secretary of Homeland Security. 8 C.F.R. § 1003.19(h)(2)(i). Additionally, section 1236.1(c)(11) of the regulations provides that an "immigration judge may not exercise the authority provided in this section, and the review process described in paragraph (d) of this section shall not apply, with respect to any alien beyond the custody jurisdiction of the immigration judge as provided in § 1003.19(h) of this chapter." 8 C.F.R. 1236.1(c)(11). Paragraph (d) provides that the immigration judge is authorized to exercise the authority "to detain the alien in custody, release

ORDER GRANTING RESPONDENTS' MOTION TO
DISMISS AND DENYING PETITIONER'S MOTION
FOR SUMMARY JUDGMENT - 3

the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in § 1003.19 of this chapter." 8 C.F.R. § 1236.1(d). These regulations lead to only one conclusion: an immigration judge may not redetermine petitioner's custody status, which includes conducting a bond hearing.

The cases cited by petitioner do not alter the regulations. Petitioner argues that <u>Diouf</u>, 2011 U.S. App. LEXIS 4379 underscores petitioner's contention that he is entitled to a bond hearing. Dkt. #24 at 7. Petitioner argues that in <u>Diouf</u>, the petitioner's detention was governed by 8 U.S.C. § 1231(a)(6), and "by regulation, he was not entitled to a bond hearing before an IJ," citing 8 C.F.R. § 1236.1(d). Petitioner is mistaken. <u>Diouf</u> never cited 8 C.F.R. § 1236.1(d), nor is it applicable to Section 1231(a)(6). Section 1236.1(d) of the regulations governs the apprehension, custody and detention of aliens <u>prior</u> to an order of removal. In contrast, section 1231(a)(6) governs the detention and removal of aliens who have already been ordered removed. 8 U.S.C. § 1231. Here, the removal order against petitioner is not yet final, as the appeal is still pending before the BIA. Accordingly, petitioner is considered in "pre-removal order" detention, and the protections afforded by section 1231(a) and <u>Clark v. Martinez</u>, 543 U.S. 371, 377-78 (2005) do not yet apply to his situation.

Additionally, <u>Diouf</u> noted that bond is authorized under section 1231(a)(6) pursuant to federal regulations and as the Ninth Circuit has acknowledged. 2011 U.S. App. LEXIS 4379 at *21 (citing <u>Diouf v. Mukasey</u>, 542 F.3d 1222 (9th Cir. 2008) ("Diouf I") and 8 C.F.R. § 241.5(b)[4]). Here, there are no regulations that authorize a bond under section 1225(b), nor has the Ninth Circuit construed section 1225(b) as authorizing a bond hearing. Rather, sections 1236.1(c)(11) and 1003.19(h) of the regulations expressly prohibit an immigration judge from redetermining conditions of custody of arriving aliens in removal proceedings, including

---

[4] Section 241.5 of the regulations governs the conditions of release after the removal period, and provides that an "officer authorized to issue an order of supervision may require the posting of a bond in an amount determined by the officer to be sufficient to ensure compliance with the conditions of the order, including surrender for removal." 8 C.F.R. § 241.5(b).

ORDER GRANTING RESPONDENTS' MOTION TO
DISMISS AND DENYING PETITIONER'S MOTION
FOR SUMMARY JUDGMENT - 4

conducting a bond hearing.  8 C.F.R. §§ 1236.1(c)(11), 1003.19(h).

Petitioner fails to understand that his "entitlement to relief turns in part on locating him within the statutory framework of detention authority provided by" the Immigration and Naturalization Act.  Casas-Castrillon, 535 F.3d at 945.  "This is because where an alien falls within the statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  Id.  The cases cited by petitioner are inapplicable to him because they do not involve a pre-removal order arriving alien detained pursuant to section 1225(b).  See Diouf, 2011 U.S. App. LEXIS 4379 (post-removal order detention pursuant to 8 U.S.C. § 1231(a) for which regulations authorize bond hearing); Casas-Castrillon, 535 F.3d at 946, 948-49 (post-removal order detention pursuant to 8 U.S.C. § 1226(a) which provides for bond hearing); Prieto-Romero, 534 F.3d at 1058, 1062 (post-removal order detention pursuant to 8 U.S.C. § 1226(a) which provides for bond hearing); Tijani, 430 F.3d at 1242, 1247 n.7 (post-removal order detention pursuant to 8 U.S.C. § 1226(a) which provides for bond hearing).

Petitioner also cites Nadarajah to support his position that he is entitled to a bond hearing.  However, Nadarajah is distinguishable.  Nadarajah was not an arriving alien who was being detained pre-removal order.  Unlike petitioner, Nadarajah was initially granted parole, conditioned on the payment of a bond.  Nadarajah, 443 F.3d at 1082.  Several years later, Nadarajah tendered the money for the bond, and he was informed that the bond order was "stale."  Id.  After Nadarajah was awarded relief by the immigration judge and the BIA, he again requested parole, but was denied because "he no longer met the criteria for a bond."  Id.  The court found that the agency abused its discretion in denying parole because the reasons it provided were not facially legitimate and bona fide.  Id.  The court did not address whether Nadarajah was entitled to a bond hearing because of prolonged detention pursuant to section

ORDER GRANTING RESPONDENTS' MOTION TO
DISMISS AND DENYING PETITIONER'S MOTION
FOR SUMMARY JUDGMENT - 5

1225(b).[5]

Rather, the Supreme Court, construing 8 U.S.C. § 1226(c), has found that mandatory detention without a bail hearing during removal proceedings (i.e., prior to a removal order) is "a constitutionally permissible part" of the removal process.  <u>Demore v. Kim</u>, 538 U.S. 510, 527-31 (2003); <u>see also</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678, 697 (2001)[6] (noting that "post-removal-period detention, unlike detention pending a determination of removability . . ., has no obvious termination point.").

For all the foregoing reasons, the Court adopts the R&R.  Dkt. #23.  The Court GRANTS respondents' motion to dismiss (dkt. #15), and DENIES petitioner's motion for summary judgment (dkt. #17) without prejudice to his filing a new habeas corpus case should circumstances warrant.  The Clerk is directed to send copies of this Order to petitioner and Judge Donohue.

DATED this 26th day of April, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[5] However, the court did hold that the general detention statutes did not authorize indefinite detention.  <u>Id.</u> at 1076; 8 U.S.C. §§ 1225(b)(1)(B)(ii) and 1225(b)(2)(A).

[6] The Supreme Court considered two cases of detention in the <u>Zadvydas</u> case, one for Mr. Zadvydas, and the other for Kim Ho Ma.  I was the trial judge who found the indefinite detention of Kim Ho Ma unconstitutional.

ORDER GRANTING RESPONDENTS' MOTION TO
DISMISS AND DENYING PETITIONER'S MOTION
FOR SUMMARY JUDGMENT - 6